**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNIVERSAL AM-CAN, LTD.,

        Plaintiff,

v.                                         Case No. 3:09cv292/MCR/EMT

ACCURATE WELDING SERVICES,
LLC

        Defendant.

_____/

# **O R D E R**

Before the court is Plaintiff Universal Am-Can, Ltd.'s ("Universal") Amended Motion for Entry of Default Judgment (doc. 12). Universal is an interstate motor carrier with its principal place of business in Warren, Michigan. According to Universal, it entered into an agreement with Chromalloy Gas Turbine, Corp. ("Chromalloy"), a Florida corporation, to transport a welding machine from Fort Walton Beach, Florida to Windsor Locks, Connecticut, where Accurate Welding Services, LLC ("Accurate Welding") is based. The equipment arrived in a damaged condition, and Accurate Welding submitted a claim to Universal in the amount of $160,000. Universal sought declaratory judgment from this court that its liability to Accurate Welding is limited to $100,000, or in the alternative, is limited to $4,200 under tariff Item 137. Item 137 limits Universal's liability for a "used commodity" and defines that term as something "not manufactured by the shipper; previously owned and shipping for re-use or as a result of re-sale." On January 14, 2010, Universal filed a Request for Entry of Default Judgment (doc. 8), claiming that Item 137 applies to the damaged welding machine. After reviewing the record, the court determined that Universal had not demonstrated that it was entitled to any liability limitation based on the bill of lading in this case. The court also found that Universal had not shown that the

welding machine was a "used commodity."  Accordingly, the court ordered Universal to submit additional affidavits relating to the bill of lading and stating facts supporting its claim that the damaged machine was a 'used commodity' as defined in tariff Item 137.  The court also stated that it construed Item 137's definition of a used commodity as requiring a showing that Chromalloy did not manufacture the welding machine.

On March 23, 2010, Universal filed the instant motion, together with two affidavits, clarifying issues related to the bill of lading.  However, the motion and affidavits fail to identify whether Chromalloy manufactured the welding machine.  Universal's cargo manager, Robert Johnson, testifies that Chromalloy used a third-party vendor to perform regular repairs on the machine, and Universal argues this demonstrates that Chromalloy did not manufacture it.  Johnson's testimony only establishes that Chromalloy did not itself carry out on-going repairs on the welding machine; it does not show whether or not Chromalloy manufactured the machine.  Universal has not argued that the information required to limit its liability under Item 137 is unavailable or that Universal has been hindered in identifying the manufacturer.  "Damages may be awarded only if the record adequately reflects the basis for award . . . by detailed affidavits establishing the necessary facts."  *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotation mark and citation omitted).  Johnson's affidavit does meet this standard, and further evidence is required to limit Universal's liability.

Accordingly, it is ORDERED that within fourteen (14) days of the entry of this order Universal shall file an additional affidavit specifically identifying the manufacturer of the damaged welding machine in this case.

**DONE AND ORDERED** this 14th day of April, 2010.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**